[No. 12610. In Bank. — January 28, 1889.]

## MERRILL LODGE NO. 299, INDEPENDENT ORDER OF GOOD TEMPLARS, RESPONDENT, *v.* A. M. ELLSWORTH ET AL., APPELLANTS.

CORPORATION — HOW DISSOLVED — RIGHT OF ITS OFFICERS TO CONTROL ITS PROPERTY — SUCH RIGHT NOT TO BE QUESTIONED BY DEFENDANT IN ACTION BY THE CORPORATION TO PROTECT ITS PROPERTY. — A corporation organized under the laws of the state of California can be dissolved only in the manner prescribed by those laws. And its property is to be managed and controlled by its duly elected officers. The order of an association to which the officers and members of the corporation belong, declaring that the corporation is "suspended," and directing the delivery up of its property, has no effect upon the existence of the corporation or upon the right of its officers to control its property. And the propriety of the conduct of the officers will not be inquired into in a suit by the corporation to protect its property.

APPEAL from a judgment of the Superior Court of Los Angeles County.

The facts are stated in the opinion.

*Julius Lyons,* and *Chapman & Hendrick,* for Appellants.

*Will D. Gould,* and *James H. Blanchard,* for Respondent.

HAYNE, C.— Suit for an injunction to restrain the defendants from interfering with certain real and personal property. The court below gave judgment for the plaintiff, and the defendants appeal.

The case appears to have grown out of a dispute between the members of the lodge as to its management and control. The answer admits that the plaintiff is and was at the time in question a corporation duly organized under the laws of the state of California, and avers that on April 1, 1886, "Will D. Gould, James H. Blanchard, C. C. Dunn, M. W. Childs, and others, members of said Merrill Lodge, got control of said lodge and elected the officers thereof, the said Gould, Blanchard, and Childs being

elected trustees thereof, and undertook to destroy the said order and to control the same for their own private ends." It further avers, in substance, that the plaintiff is a "subordinate" lodge of the order; that by the constitution of the Grand Lodge it is declared that any subordinate lodge which fails to do certain things "shall be deemed an extinct lodge, and its charter shall be forfeited"; that the plaintiff, by its conduct, brought itself within this provision, and was "suspended" by the Grand Lodge; and that the defendant Ellsworth "was, by the Grand Chief Templar of the Grand Lodge of the state of California, appointed the deputy of said Grand Chief Templar, and directed by him to take possession of the books, papers, and the other property of said Merrill Lodge, and hold the same subject to and until the further order of said Grand Lodge," which the said Ellsworth proceeded to do.

These averments of the answer (except as to the wrongful intent of the persons who "got control" of the corporation) appear to be true.

Upon the question of the ownership of the property, the court finds that "said plaintiff, in furtherance of its objects, *leased* a certain hall; . . . . that said plaintiff is now, and has been since December 3, 1874, in possession of and entitled to the possession of said hall"; that plaintiff, "for the purpose for which it was incorporated, has expended for carpets, furniture, fixtures, books, and necessary property for the carrying on of its work, the sum of two thousand dollars; that said hall is a necessary and proper place in which to keep all of said property, and for the promotion of its said benevolent purposes"; and that "the defendants, or either of them, have no right, title, or interest in or to or any right of possession of said hall, or the furniture, books," etc.

The appellants make no criticism upon the sufficiency of this finding as a finding of ownership. Their position seems to be that the suspension by the Grand Lodge and

the appointment of Ellsworth as the deputy of the Grand Chief Templar entitled him to the possession and control of the property. The relation between the Grand Lodge and the corporation plaintiff is not very clear from the record before us. But as we view the case, no question as to the rights of the plaintiff, or its members *as members of the order*, is involved. The question presented is one of property merely. And in relation to this, two controlling facts appear from the record, viz., that the plaintiff is a corporation duly organized under the laws of the state of California, and that it is the owner of the property in question, in which the defendants have no right, title, or interest. It follows from these facts that the plaintiff is entitled to be protected against the acts of the defendants. The ownership of the property draws to itself the right of possession and control. And since the plaintiff is a corporation, it can only be dissolved in the manner prescribed by the laws of California. The provision of the constitution of the Grand Lodge that in certain contingencies the subordinate lodge "shall be deemed an extinct lodge, and its charter shall be forfeited," and the "suspension" by the Grand Lodge and the action taken by the Grand Chief Templar, have not the slightest effect upon the legal existence of the corporation. And as long as it exists its affairs must be managed by its duly elected officers as provided by law. If they misconduct themselves, appropriate proceedings to remove them must be resorted to. But the propriety of their conduct will not be inquired into in a suit by the corporation to protect its property.

The showing seems to us to be sufficient to entitle the plaintiff to an injunction. We therefore advise that the judgment be affirmed.

FOOTE, C., and BELCHER, C. C., concurred.

THE COURT.—For the reasons given in the foregoing opinion, the judgment is affirmed.